IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON EUGENE STROPE
   a/k/a Michael Lee Strope,

        Plaintiff,

vs.                                 Case No. 04-3204-JTM

DAVID McKUNE, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

      This matter comes before the court on the defendants' Motion for Summary Judgment (Dkt. No. 46). Within their motion for summary judgment, defendants argued that this action should be dismissed because plaintiff has not exhausted his administrative remedies as to all his claims. For the reasons set forth herein, the court grants defendants' request for dismissal as set forth herein and finds as moot defendants' remaining motion for summary judgment.

**I. BACKGROUND**

      Plaintiff Gordon Strope, a/k/a Michael Strope, (hereafter "Strope"), an inmate incarcerated at Lansing Correctional Facility (hereafter "LCF") brings this 42 U.S.C. § 1983 suit against Kansas Department of Corrections (hereafter "KDOC") officials David R. McKune, Jason Suttley, Tabor Medill, R. Suttles, Duane Muckenthaler, Collette Winkelbauer, Ann McDowell and William Cummings. Plaintiff alleges various violations of the First, Eighth and Fourteenth Amendments.

Many of the counts stem from plaintiff's dissatisfaction with the quality of Kosher food served and alleged disparity in the way in which prison officials treat him as compared with those who are not Jewish.  Plaintiff alleges that defendants have not given him adequate time to eat his meals.  Plaintiff also alleges that defendants have taken retaliatory action against him by transferring him to a filthy cell, that his grievances have not been adequately or timely addressed, that he was not called out to religious meetings and services, and that defendants conspired against him.  Plaintiff's complaint sets forth several more allegations, which are not relevant to the present discussion.

**II. ANALYSIS**

The Prison Litigation Reform Act (hereafter "PLRA") provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a).  The U.S. Supreme Court has held "that § 1997e(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.' " Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10thCir. 2003) quoting Porter v. Nussle, 534 U.S. 516, 524, 532. 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  The plain meaning of the statute and Supreme Court precedent make the substantive meaning of § 1997e(a) clear: "[R]esort to a prison grievance process must precede resort to a court," Steele, 355 F.3d at 1207 citing Porter, 534 at 529, 122 S.Ct. 983.  "Thus, a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted." Steele, 355 F.3d at 1210.

The Tenth Circuit interprets the PLRA to require total exhaustion on all claims.  Ross v.

County of Bernalillo, 365 F.3d 1181, 1189-90 (10th Cir. 2004). The total exhaustion rule mandates that plaintiff cannot proceed with a court action "until administrative remedies are exhausted." Id. at 1190; Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) ("when multiple prison condition claims have been joined ... § 1997(e)(a) requires that all available prison grievance remedies must be exhausted as to all of the claims"). "If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d at 1190. Exhaustion is required even if plaintiff felt that prison officials frustrated his ability to proceed with administrative remedies or if plaintiff understood that the claims put forth in his complaint were non-grievable under prison policy. Steele, 355 F.3d at 1214. See also Strope v. Pettis et al., No. 03-3383-JAR, Memorandum Order and Opinion Granting Motion to Dismiss, at p. 8 (attached as Dkt. No. 47, Exhibit J).

In reviewing the Martinez Report and plaintiff's exhibits, the court finds that defendant has not satisfied the total exhaustion rule. There are several claims that have not been reviewed in the administrative process. First, there is no grievance in the record alleging that the named defendants refused to let plaintiff out for any religious meetings or services. The only exhibit that includes any mention of a religious call out is in plaintiff's grievance against Ms. Beck. See Martinez Report, Exhibit 26. Ms. Beck, however, is not a party in this action. Based on the grievances filed, there is no evidence of an ongoing problem of defendants limiting plaintiff's access to religious meetings or services. Furthermore, there is no allegation that any of the defendants removed plaintiff from the chapel call out list in bad faith.

Defendants also argue that plaintiff failed to grieve that any of the defendants had

conspired against him. In reviewing the record, there were only four grievances in which defendant complained of conspiracy. Two of the grievances involve parties that are not involved in this action, so the court does not consider them. See Martinez Report, Exhibit 4, Exhibit 28. Relevant to this action, there is one grievance involving Jason Suttley, R. Suttles and Duane Muckenthaler (Martinez Report, Exhibit 11) and another involving David McKune (Martinez Report, Exhibit 23). Although plaintiff's complaint alleges that he filed grievances against Collette Winkelbauer, Michael Neve, Adrian Dorian, and David McKune for conspiracy on May 10, 2004, there is no evidence in the record that such a grievance was filed nor that plaintiff has exhausted his administrative remedies as to this claim. See Complaint, p. 12. Thus, the court finds that plaintiff has not exhausted his administrative remedies for his allegations of conspiracy.

While plaintiff alleges that he exhausted his administrative remedies, the record does not support his assertion. His complaint admits as much because he notes that his May 10, 2004 and May 24, 2004 grievances had not been answered at the time of filing. In light of plaintiff's failure to exhaust his remedies, the court dismisses this action without prejudice.

IT IS ACCORDINGLY ORDERED this 11th day of July 2005, that the court dismisses this action for the reasons set forth herein and finds as moot defendants' Motion for Summary Judgment (Dkt. No. 46).

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE