IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON EUGENE STROPE
a/k/a Michael Lee Strope,

       Plaintiff,

vs.                                                       Case No.  04-3204 JTM

DAVID McKUNE, et al.,

       Defendants.

MEMORANDUM AND ORDER

Plaintiff Gordon Eugene Strope, an inmate incarcerated at Lansing Correctional Facility ("LCF") brings this 42 U.S.C. § 1983 action alleging First, Eighth, and Fourteenth Amendment violations, including: (1) religious discrimination and persecution; (2) selected enforcement of policies; (3) disparate feeding of inmates; (4) retaliatory sanctions; (5) endangering the health and well being of inmates; and (6) deprivation of a balanced and nutritious diet.  Strope also alleges that conditions of food service at the LCF "fell way below the minimum standards" requirements of state and federal laws.  (Dkt. No. 1 at 22).  Defendant Frank Dorion moves for summary judgment (Dkt. No. 115).

<u>Legal Standard for Summary Judgment</u>.  Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In considering a motion for summary judgment, the court

1

must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56 (c). The party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

<u>Facts</u>. ARAMARK hired Dorion as food service director and he began working at the LCF in December 2003. ARAMARK is a private independent contractor of the Kansas Department of Corrections and is not a party to Strope's claims. Dorion was not present at the LCF in November 2003.

Kansas Department of Corrections' compliance officers regularly monitored the ARAMARK food service provided to LCF inmates. They would periodically inspect the kitchen facilities at the LCF and found both the service and facilities to be in compliance with rules, regulations, and procedural requirements. Dorion did not receive any complaints or notices that any inmate, including Strope, had become ill or required medical care as a result of food services provided from December 2003 to June 2005.

Strope claimed dissatisfaction with the quality and lack of Kosher food served and made the following allegations against Dorion: (1) cancellation of special diets on Thanksgiving Day 2003; (2) failure to provide equal and fair rotations of the special diets which was a disparity of treatment and is religious persecution and retaliation; and (3) participation in an "on-going deprivation of an adequate and nutritious diet." (Dkt. No. 1 - ¶¶ 36-37). He also alleges that another ARAMARK employee refused to provide the special diet to him on Christmas Day 2003.

Analysis. As an initial matter, as detailed below, Strope's claims against Dorion fail because Dorion simply had no personal involvement in any of the incidents or decisions Strope targets in this action. Under 42 U.S.C. § 1983, every person who subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. A named defendant must have personally participated in the deprivation of plaintiff's Constitutional rights to sustain individual liability for that defendant. *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996).

Painting with a broader brush, an alleged failure to provide meals which conform to a religious protocol does not constitute a violation of the Eighth Amendment. *See LaFevers v. Saffle*,

936 F.2d 1117, 1120 (10th Cir. 1991) (holding that "mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim). With those principles in mind, the court now turns to Strope's specific claims.

**Lack of Variety**. Strope complains that the kosher menu lacks variety. The record shows the LCF kosher menu conformed to the LCF diet handbook, and the diet procedures were consistent with the Kansas DOC Internal Management Policy and Procedure Section 10.119. The kosher meals and menu conformed to the American Correctional Association standards. (Dkt. No. 15). Strope received a proper kosher menu, and there was sufficient variety in that menu. Finally, Dorion did not control the kosher menu. Thus, Strope's claims relating to the kosher menu fail.

**Insufficient Time to Eat**. Strope next complains he was given insufficient time to eat. As noted above, Dorion was not a prison official or government employee, and he did not have any control over the time inmates were given to eat or be at the cafeteria. So this claim, too, fails.

**Deprivation of Kosher Meals**. Strope also alleges he was deprived of a kosher meal on two specific dates. The first was Thanksgiving Day 2003. Dorion's assignment to LCF began in December 2003; he cannot be liable for an incident which predates his arrival at LCF. Strope claims the second incident occurred on Christmas Day 2003. Dorion was assigned to LCF at that time, but he was neither directly nor indirectly involved in Strope's complaint, which involved another ARAMARK employee. Even on the merits, Strope's allegations that he was deprived of a kosher meal on Thanksgiving and Christmas Day 2003 were investigated and found be false. (Dkt No. 15 - Exhibit 12). This claim is without merit.

**Constitutional Rights**. Strope claims that the complaints detailed above constitute Eighth Amendment violations. However, not only are the claims themselves factually unsupported, Dorion

is not subject to Eighth Amendment liability, as he is neither a prison official nor has he been delegated penal responsibilities in his position. "Consistent with this teaching, we conclude that only prison officials and those to whom they delegate penological responsibilities for prisoners have Eighth Amendment duties and attendant liabilities." *Smith v. Cochran*, 339 F.3d 1205, 1213 (10th Cir. 2003). Strope acknowledges in his complaint that Dorion was the kitchen manager of ARAMARK. (Dkt. No.1- ¶ 36). Dorion was not a prison official nor was he delegated any penological responsibilities for prisoners. Thus, Strope's Eighth Amendment claim against Dorion cannot stand.

Strope alleges that Dorion violated his First Amendment rights by "intentional, and purposeful acts of . . . religious discrimination, and persecution, selected enforcement of policies, disparate feeding of inmates, retaliatory sanctions, endangering the health, and well being of people who has to eat his unsafe and unhealthy food, deprivation of a balanced and nutritious diet". (Dkt. No. 1 - ¶ 36). Strope has not shown that Dorion engaged in regulatory practices which prohibited him the opportunity to pursue his religious beliefs. There is no evidence that Dorian denied Strope constitutional or statutory rights or substantially interfered with his right of free exercise of religion.

The Fourteenth Amendment, which prohibits states from denying federal constitutional rights which guarantee due process, applies to acts of states, not to acts of private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). Dorion is not a governmental entity. Hence Strope's claim for alleged Fourteenth Amendment violations against Dorion also fails.

As a final matter, the court notes that even if a plaintiff states a violation of a constitutional right, the Tenth Circuit requires the contours of the right at issue to have been sufficiently clear that a reasonable official would have understood that what he was doing violated that right. *See Watson*

5

*v. University of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996). "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir. 1995). A plaintiff's burden at this stage has been described as "quite heavy," as it is insufficient to simply allege a violation of a general legal principle. *See Watson*, 75 F.3d at 577. In order to discharge this burden, a plaintiff must do more than simply identify in the abstract a clearly established right and allege that the defendants have violated it. *See Baptiste v. J.C. Penney Co., Inc.,* 147 F.3d 1252, 1255 (10th Cir. 1998). Rather, plaintiff must (1) articulate the constitutional right, (2) state, with specificity, the defendants' conduct that has allegedly violated this right, and (3) demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendants' actions were clearly prohibited. *See id.; Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir. 1995). Unless such a showing is made, defendants prevail. *Romero* at 1475.

There is no substantial correspondence between the alleged conduct by Dorion and prior law establishing that Dorion's actions or inactions were clearly prohibited. Without any credible showing of (1) an articulated constitutional right; (2) of specific conduct by Dorion allegedly violating that right; and (3) of a demonstrable substantial correspondence between the alleged conduct and prior established law that Dorion's actions or inactions were clearly prohibited, Strope's claims as to Dorion must fail.

IT IS ACCORDINGLY ORDERED this 27th day of February 2009, that the court grants Dorion's motion for summary judgment for the reasons set forth herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE