IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GORDON EUGENE STROPE               Case No.  04-3204 JTM
a/k/a Michael Lee Strope,

                Plaintiff,

vs.

DAVID McKUNE, et al.,

                Defendants.

MEMORANDUM AND ORDER

Plaintiff Gordon Eugene Strope, a/k/a Michael Strope, (Strope), an inmate incarcerated at Lansing Correctional Facility ("LCF") brings this 42 U.S.C. § 1983 action alleging First, Eighth, and Fourteenth Amendment violations, including 1) religious discrimination and persecution; 2) selected enforcement of policies; 3) disparate feeding of inmates; 4) retaliatory sanctions; 5) conspiracy; 6) endangering the health and well being of inmates; and deprivation of a balanced and nutritious diet. Defendants David McKune, Jasen Sutley, Tabor Medill, Ron Suttles, Duane Muckenthaler, Colette Winkelbauer, Ann McDowell, and William Cummings filed a Motion for Summary Judgment (Dkt. No. 46). The court issued an order granting dismissal based on the plaintiff's failure to exhaust administrative remedies. (Dkt. No. 68).

Strope appealed and the Tenth Circuit Court of Appeals reversed and remanded this case based on an intervening change in controlling authority. (Dkt. No. 85). In *Jones v. Bock*, 549 U.S. 199 (2007), the court held that the "total exhaustion rule" could no longer be the sole basis for dismissal of a prisoner's civil rights complaint. (Dkt. No. 85). The defendants filed a Motion for Summary Judgment Renewed. (Dkt. No. 125).

Summary judgment is proper where the pleadings, depositions, answers to interrogatories,

1

and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidencein a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under 42 U.S.C. § 1983, every person who subjects, or causes to be subjected, any citizen

of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. A named defendant must have personally participated in the deprivation of plaintiff's Constitutional rights to sustain individual liability for that defendant. *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996).

Even if a plaintiff states a violation of a constitutional right, the Tenth Circuit requires the contours of the right at issue to have been sufficiently clear that a reasonable official would have understood that what he was doingviolated that right. *Watson v. University of Utah Medical Center*, 75 F.3d 569, 577 (10th Cir. 1996). "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir. 1995). A plaintiff's burden at this stage has been described as "quite heavy," as it is insufficient to simply allege a violation of a general legal principle. *Watson*, 75 F.3d at 577. In order to discharge this burden, a plaintiff must do more than simplyidentifyin theabstract aclearlyestablished right and allege that the defendants have violated it. *Baptiste v. J.C. Penney Co.,* 147 F.3d 1252, 1255 (10th Cir. 1998). Rather, plaintiff must (1) articulate the constitutional right, (2) state, with specificity, the defendants' conduct that has allegedly violated this right, and (3) demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendants' actions were clearly prohibited. *Id.; Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir. 1995). Unless such a showing is made, defendants prevail. *Id.* at 1475. There is a presumption in favor of immunity for public officials acting in their individual capacities. *Hidahl v. Gilpin County Dep't of Soc. Serv.*, 938 F.2d 1150, 1155 (10th Cir. 1991).

In order to prevail on a §1983 First Amendment retaliation claim, the Tenth Circuit has held that a plaintiff must prove that "but for" the retaliatory intent of the defendant, the action in question would not have been taken. *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990). A plaintiff must set forth specific evidence "showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

Alleged failure to provide meals which conform to a religious protocol does not constitute a violation of the Eighth Amendment. *See LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) (holding that "mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim").

A prison official violates the Eighth Amendment when two criteria are met: "1) the deprivation alleged is serious – the prison official's act or omission results in the denial of the minimum civilized measure of life's necessities; and 2) the prison official acts with 'deliberate indifference'-- he or she knows of and disregards an excessive risk to inmate health and safety." *Speed v. Stotts*, 941 F.Supp. 1051, 1056 (D. Kan. 1996); *See also, Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003). Failure to receive three meals a day does not constitute "cruel and unusual punishment," so long as the inmate has sufficient food to maintain normal health. *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (a prisoner's Eighth Amendment rights were not violated when he was served only one meal a day for fifteen consecutive days where the one meal furnished was sufficient to maintain normal health for that period of time).

A plaintiff must prove that he 1) is a member of a protected class and 2) was subjected to treatment different from those similarly situated to establish a violation of his right to equal protection under the Fourteenth Amendment. *See Tonkovich v. Kansas Board of Regents*, 159 F.3d

4

504, 533 (10th Cir. 1998). "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to satisfy the Equal Protection Clause." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)(citing *Romer v. Evans*, 517 U.S. 620, 631 (1996)). Prisoners are not a protected or suspect class. *Copeland v. Matthews*, 768 F. Supp. 779, 780-81 (D. Kan. 1991).

Strope, an inmate incarcerated at LCF brings this 42 § 1983 suit against McKune, Sutley, Medill, Suttles, Muckenthaler, Winkelbauer, McDowell, and Cummings, and alleges violations of his First, Eighth and Fourteenth Amendment rights. All the defendants relevant to this motion were employed at LCF, except for Cummings, who was the Kansas Department of Corrections ("KDOC") secretary of corrections' designee. McKune was the warden, Muckenthaler was a unit team manager, Sutley was a corrections officer, Winkelbauer was a classification administrator, Medill and Suttles were corrections counselors and McDowell was a corrections specialist.

Strope complains that: 1) the kosher menu lacks variety; 2) he was given insufficient time to eat; and 3) he was deprived a kosher meal on two specific dates. The record shows the kosher menu conformed to the LCF diet handbook, and the diet procedures were consistent with the KDOC Internal Management Policy and Procedure Section 10.119. The kosher meals and menu conformed to the American Correctional Association standards. (Dkt. No. 15 at 2-3 & 10). Strope received a proper kosher menu, and there was sufficient variety. His allegations that he was given insufficient time to eat were investigated and found to be false. (Id. at 7). Strope's allegations that he was deprived of a kosher meal on Thanksgiving and Christmas Day 2003 were investigated and found to be false. (Id. at Exhibit 12). Thus, Strope's claims relating to the kosher menu lacking variety; insufficient time to eat; and deprivation of a kosher meal on two dates fail.

5

Strope alleges his cell was searched excessively between August 11, 2003, and November 10, 2003, in retaliation for his filing of multiple grievances. (Dkt. No. 1). Strope's cell was only searched four times, and not once was he singled out. (Dkt. No. 15 at Exhibit 11). His cell was only searched when various other cells in his cellhouse or the facility were also searched. (Id. at 8-9&11). There is no evidence that supports Strope's allegation of retaliation.

Strope's claims regarding a violation of his right to equal protection under the Fourteenth Amendment fails because he is not a member of a protected class. *Copeland v. Matthews*, 768 F.Supp. 779, 780-81 (D. Kan. 1991).

Another claim Strope makes is that the conditions of confinement in which he has been held are cruel and unusual punishment in violation of the Eighth Amendment. He claims he has been locked in his cell during meal time and has been rushed out of the chow hall by various officers. (Dkt. No. 1). There is no evidence that Strope suffered malnutrition based on the alleged conduct. The treatment Strope alleges he has been subjected to does not rise to the level of being a substantial risk of serious harm. Therefore, his claim based on cruel and unusual punishment fails. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Strope's allegation that his constitutional rights were violated by the defendants' failure to investigate his grievances fails for two reasons. First, the state creation of a grievance procedure does not create any protected federal constitutional rights. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (*cert. denied Adams v. Rice*, 514 U.S. 1022 (1995). Secondly, the record establishes his grievances were investigated. (Dkt. No. 15 at 11)

Strope claims the defendants are conspiring against him, but there is no factual support for this allegation. In order to sufficiently assert a claim of conspiracy, plaintiff must present factual

6

allegations which tend to show an agreement and concerted action. *Arney v. Hayden*, 788 F.Supp. 494, 495 (D. Kan. 1992) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983)).

The record does not support Strope's allegation that he has been denied the right of court access. In fact, the defendants correctly point out Strope had seven cases pending, in the United States District Court for the District of Kansas, at the time the defendants filed the motion for summary judgment. The right of court access means a reasonable opportunity to present a judicial claim. *Michel v. Louisiana*, 350 U.S. 91, 93 (1955).

Strope has not shown that the defendants engaged in regulatory practices which prohibited him the opportunity to pursue his religious beliefs. There is no evidence they denied Strope constitutional or statutory rights or substantially interfered with his right of free exercise of religion. There is no substantial correspondence between the defendants' alleged conduct and prior law that establishes their actions or inactions were clearly prohibited. Without any credible showing of (1) an articulated constitutional right; (2) specific conduct by the defendants allegedly violating that right; and (3) a demonstrable substantial correspondence between the alleged conduct and prior established law that the defendants' actions or inactions were clearly prohibited, Strope's claims as to the defendants must fail.

IT IS ACCORDINGLY ORDERED this 30th day of June, 2009, that the court grants Defendants' Motion for Summary Judgment (Dkt. No. 46) for the reasons set forth herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE